UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BURGOON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NARCONON OF NORTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No. 15-cv-01381-EMC<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

The parties have submitted their pretrial filings. Based on the pretrial filings, the Court hereby enters this Final Pretrial Conference Order, ruling as follows.

A. <u>Defendants' Motion to File Under Seal (Docket No. 76)</u>

Defendants have moved to file certain documents under seal, more specifically, their trial brief in its entirety and certain exhibits attached thereto (*i.e.*, Plaintiffs' deposition testimony and the deposition testimony of Plaintiffs' witnesses). It appears that Plaintiffs designated the information contained therein confidential but that both parties are in favor of sealing because the documents contain "specific details concerning the reasons [Plaintiffs] attended drug rehabilitation." Mot. at 2; *see also* Docket No. 77 (stipulation to filing under seal).

Even assuming that the less rigorous "good cause" standard is applicable, *see Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (stating that "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions"), the Court finds that that standard has not been met. Plaintiffs voluntarily brought suit, and their complaint and prior briefing on the motion to compel arbitration already discloses substantial information about the reasons Plaintiffs attended drug rehabilitation, including the fact that they had been taking serious drugs. Moreover, the public has an interest in accessing the information

1 given the seriousness of Plaintiffs' claim – *i.e.*, that Defendants are essentially exploiting
2 vulnerable people.
3     Accordingly, the motion to file under seal is hereby **DENIED**.  Defendants shall publicly
4 file all documents at issue within three days of the date of this order.
5 B.    <u>Standing</u>
6     In their trial brief, Defendants raise a new issue – *i.e.*, that neither Plaintiff has standing to
7 sue because neither suffered any injury as a result of the alleged misrepresentations by
8 Defendants.  According to Defendants, the only persons who could have suffered injury as a result
9 of the alleged misconduct are Mr. Burgoon's wife and Mr. Landers's father who paid for the drug
10 treatments.
11     The Court shall allow Defendants to introduce evidence regarding this theory at the bench
12 trial, and further shall allow Plaintiffs to introduce evidence to rebut this theory.  To be clear,
13 however, because Defendants are asking for this issue to be a part of the bench trial, *see, e.g.*,
14 Docket No. 76-4 (Tr. Br. at 14) (arguing that, "because Plaintiffs suffered no monetary harm from
15 Defendants' conduct, the Court should dismiss this case in its entirety for lack of standing"), the
16 Court deems, as waived, any possible contention by Defendants that an arbitrator, rather than this
17 Court, should decide the issue of standing.
18 C.    <u>Time Limits</u>
19     Having reviewed the parties' witness lists, the Court has concerns about whether Plaintiffs
20 will be able to present their case within the 3 hours allotted to them.  The Court advises Plaintiffs
21 – as well as Defendants – that time limits shall be strictly enforced.  Furthermore, deposition
22 designations shall be counted against time (*i.e.*, however long the deposition designations take to
23 read into the record shall be counted against the submitting party).
24 D.    <u>Exhibits</u>
25     Based on the parties' exhibit lists, it appears that the parties have reached stipulations on
26 authenticity and admissibility with regard to business records and/or party admissions.  The only
27 objections that have been preserved are: (1) relevance and (2) objections to documents not
28 previously produced.  **All other objections, except for that discussed below, have been waived.**

As to Defendants' objection that Plaintiffs have improperly marked as single exhibits the entirety of the drug treatment files for Plaintiffs, the objection is sustained. By Friday, December 11, 2015, Plaintiffs shall resubmit their exhibit list to correct this specific deficiency. Plaintiffs must pinpoint what specific documents from the files on which they intend to rely at trial.

**IT IS SO ORDERED**.

Dated: December 9, 2015

_____
EDWARD M. CHEN
United States District Judge